GEO. W. CHAMBERS ET AL. *v.* R. A. MYRICK.

1. TAX TITLE.    *Under the Abatement Act.    Essential proof.*
   It is necessary, in order to establish a title to lands sold under the "Abatement Act" of March 1, 1875, to show that the land is of the class embraced by that act, *viz.:* such as were delinquent for taxes for a year prior to 1874, and held by the State by purchase for such delinquency.    *Gamble* v. *Witty*, 55 Miss. 26.

2. SAME.    *Certified list.    Recitals of.*
   The fact that the certified list recites that it is a list of lands sold pursuant to the provisions of the "Abatement Act" does not import anything as to the particular lands intended to be dealt with by the act.    *Dingey* v. *Paxton*, 60 Miss.

3. SAME.    *Invalidity of levy.*
   The character of the levy does not affect the title to land sold under the provisions of the "Abatement Act" if the land is embraced by that act.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

The appellee brought an action of ejectment against the appellants claiming the land in controversy as having been sold to the State under the "Abatement Act," approved March 1, 1875.    On the trial he introduced in evidence the certified list of lands sold to the State which recited the following: "List of lands in Hinds County, Mississippi, sold to the State for non-payment of State and teachers' fund and county taxes of the fiscal year 1874,

at a sale made May 10, 1875, pursuant to an act approved March 1, 1875, entitled 'An Act to amend an act to provide for the abatement of the tax accrued on lands sold to the State prior to 1866, and for other purposes.'" Then followed the list of lands embracing the lands in controversy. He then introduces deeds from the auditor of public accounts to himself to the lands in controversy. This was all the evidence introduced by the appellee on the branch of the case upon which the opinion rests. The appellants, defendants below, offered in evidence an order of the Board of Supervisors of Hinds County levying the teachers' fund and county tax for the year 1874, duly certified, showing that the levy by the board for that year for all purposes was $114\frac{1}{3}$ per cent. upon the State tax, and also showing that the meeting of the board and the making of the order was had and done in the city of Jackson, on September 7, 1874, claiming that in both these respects the assessment was illegal and invalid, being excessive and made at the wrong place.

*Catchings & Dabney*, for the appellants.

1. The chain of title, while it utterly fails because it is not shown that the land was forfeited previous to 1874, and, therefore, was not subject to be sold under the abatement act, we wish to urge the court to consider the case in addition to that ground of objection to the tax title, as to what would have been the effect of the tax title if it had been shown that the land had been forfeited previous to 1874.

2. That there was no proof that the land had ever been forfeited before 1874, and, therefore, there could be no valid sale under the abatement act. *Dingey* v. *Paxton*, 60 Miss. 1038, and other cases since not reported.

3. But if the court should be of opinion that the case should be remanded for a new trial in the event of a reversal, I insist that if proof that the land had been forfeited before 1874 had been made and the lands had been properly sold under the abatement act, so far as this point is concerned, *then* the tax title would have been void for the reason as shown by the certified copy from the minutes of the board of supervisors that there was no levy of taxes for the year

1874 by the board of supervisors in legal contemplation, and because such levy was excessive.

4. The sale would certainly have been void if made by the sheriff under the general law for the taxes of 1874, as well because there was no legal levy, or we may say no levy at all, as held in *Johnson* v. *Futch*, 57 Miss. 73, as because the levy of 114½ per cent. of the State tax for that year amounted in the aggregate to more than twenty-five mills in all, which was expressly forbidden by the act of 1872, p. 19.

5. But what difference does it make how much they levied, if their levy was void for other reasons, *viz.:* because their session was held in a place not the county seat.

6. The case of *Cochran* v. *Baker*, 60 Miss. 282, is relied on by appellee upon this question as settling forever all questions arising out of sales under the abatement act of March 1, 1875. There was no such state of facts in *Cochran* v. *Baker* as are presented here.

7. We insist that the legislature had no power to make a levy for the county, and have that relate back into the preceding year and affect only a certain part of the property of the county.

8. This law, if it meant and was intended to mean what counsel for appellee insist this court has declared of it, would have been an act of legislation which would have been unconstitutional if in advance of the levy and sale, because the levy thus made was not uniform and equal. *Dingey* v. *Paxton,* 60 Miss. 1038. The law is unconstitutional. Ib. 1053, 1054.

*E. E. Baldwin,* for the appellee.

As to the fact that on the trial below no proof was adduced to show that the land in question had been sold to the State for taxes due the State prior to 1874, we assert that no such proof was necessary under the circumstances of this case. The list of lands conveyed to the State (which is the conveyance to the State), both in its preamble and certificate, states fully that it was a sale under the act of March 1, 1875, citing the act by its title. When we turn to the act of 1875, under which the sale was made, we find in it a clause incorporating in it all provisions of the law of tax sales of the Code of 1871. On referring to the said code we find this

clause (§ 1700), "And the tax collector's conveyance to individuals and list of lands sold to the State shall be *prima facie* evidence that the assessment and sale and all the proceedings of sale were valid." Now, this being made a part of the act and the rule governing the case, the certified list of the sheriff must make out a *prima facie* case as to the fact that the lands belonged to the class of lands to be sold under the law, and throw the burden of proof on the defendants to show that such was not the case, just as much as an ordinary sheriff's tax deed would show and *prima facie* prove that the taxes had not been paid on the land conveyed by it. The cases are perfectly parallel. I have not been able to see the record in the case of *Dingey* v. *Paxton*, but I surmise that no such full preamble and certificate appears to the list introduced in the record in that case, or that the court, in their opinion in that case, have not taken into account the force and effect of the clause incorporating into the act of March 1, 1855, all parts of the tax law of 1871 compatible with it. We insist, then, that in this case ample proof was made of the title and the burden of proof lay on the defendants to show that the land did not come under the law.

As to the point made by the counsel for the defendants that the tax title is invalid for the reason that the levy was excessive, and was illegally made by the board of supervisors, this court has decided that both these defects were cured by the act of the legislature, which by its terms took the valuation of the land and the levy made thereon by the board to be correct and ordered a resale based upon them, making in reality themselves the assessment, levy, and order of sale of the lands for the taxes of 1874, and thus curing all irregularities in the levy and assessment, including excessive levies and many other things which would ordinarily make a tax sale void. *Cochran* v. *Baker*, 60 Miss. 282.

CAMPBELL, C. J., delivered the opinion of the court.

The appellee, who was plaintiff below, failed to show that the land sued for and claimed by him as having been sold under the "Abatement Act," approved March 1, 1875, was of the class of lands embraced by that act, *viz.* : such as were delinquent for taxes for a

year prior to 1874 and held by the State by purchase for such delinquency. *Gamble* v. *Witty*, 55 Miss. 26. It was incumbent on him to produce evidence of that. The list of lands sold to the State, certified by the collector, was *prima facie* evidence of the validity of the assessment and sale, and did not import anything as to the particular lands intended to be dealt with by the "Abatement Act." This was fully considered and decided in *Dingey* v. *Paxton*, 60 Miss. 1038. As presented by this record, the only defect in the proof of the appellee was that mentioned. With that supplied, his right to recover the land is clear. The case of *Cochran* v. *Baker*, 60 Miss. 282, was understood by us to decide exactly what we are informed by counsel it was held by the learned judge below to decide. It contains a very lucid exposition of the view taken by this court of that remarkable statute which evoked it, and by which view we purpose to stand. The evidence offered by the defendants below as to the excessive levy of taxes and the making of the levy at Jackson did not affect the title acquired under the " Abatement Act " if the land was embraced by it. This renders unnecessary a consideration of the other branch of the case.

*Judgment reversed and new trial granted.*